Jeffrey S. Boxer
Bryce C. Bernards
CARTER LEDYARD & MILBURN LLP
Two Wall Street
New York, NY 10005
(212) 732-3200

Attorneys for Defendant
CHRISTINA LANG-ASSAEL

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

YANELI GUZMAN,

Plaintiff,

*-against-*

CHRISTINA LANG-ASSAEL,

Defendant.

No. 14-CV-8565 (TPG)

**ANSWER & AFFIRMATIVE DEFENSES OF DEFENDANT CHRISTINA LANG-ASSAEL**

Defendant Christina Lang-Assael ("Defendant"), as and for her Answer to the Complaint of Plaintiff Yaneli Guzman ("Plaintiff"), dated October 23, 2014 (the "Complaint"), alleges as follows:

1. Denies the allegations of paragraph one of the Complaint, except respectfully refers to the Complaint for the totality of its allegations and the relief sought and denies that Plaintiff is entitled to such relief.

2. Denies the allegations of paragraph two of the Complaint.

3. Denies the allegations of paragraph three of the Complaint, except respectfully refers to the Complaint for the totality of its allegations and the relief sought.

4. Denies the allegations of paragraph four of the Complaint, except admits that Plaintiff and Defendant discussed the possibility of Plaintiff having an abortion because Plaintiff had previously informed Defendant that Plaintiff had suffered a stroke while

delivering Plaintiff's first child and that Plaintiff's doctor had advised Plaintiff that any future pregnancy could be life-threatening.

5. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph five of the Complaint.

6. Admits the allegations of paragraph six of the Complaint.

7. Paragraph seven of the Complaint asserts strictly legal conclusions to which no responsive pleading is required, except that to the extent a response is required, Defendant denies the allegations of paragraph seven of the Complaint.

8. Admits that Defendant is a citizen and resident of the State of New York, except states that the remainder of paragraph eight asserts strictly legal conclusions to which no responsive pleading is required, except that to the extent a response is required, Defendant denies the allegations of paragraph eight of the Complaint

9. Defendant states that to the extent this Court has subject matter jurisdiction, venue is proper in this District.

10. No response is required to paragraph ten of the Complaint, which contains Plaintiff's demand for a jury trial.

11. Denies the allegations of paragraph eleven of the Complaint, except admits that Plaintiff began working for Defendant and her husband in June 2007 and that Plaintiff was paid for her services.

12. Admits the allegations of paragraph twelve of the Complaint, except denies that Plaintiff's duties included, shopping for food, picking up Defendant's son from school or gardening, but states that Plaintiff asked and was permitted to pick berries on Defendant's property for Plaintiff's personal consumption.

13. Denies the allegations of paragraph thirteen of the Complaint, except admits that Plaintiff worked at Defendant's property located at 90 Indian Wells Highway, Amagansett, NY (the "Amagansett Residence") until early-September 2007.

14. Denies that Plaintiff worked at the Amagansett Residence after early-September, 2007, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph fourteen of the Complaint.

15. Denies the allegations of paragraph fifteen of the Complaint, except admits that Defendant and her husband resided at 485 Park Avenue, New York, NY (the "New York City Residence").

16. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph sixteen of the Complaint, except admits that Plaintiff worked at the New York City Residence from early September 2007 until approximately summer 2011.

17. Denies the allegations of paragraph seventeen of the Complaint, except states that Defendant moved to 4449 Route 44, Millbrook, NY (the "Millbrook Residence") in or about September 2009.

18. Denies the allegations of paragraph eighteen of the Complaint, except admits that Plaintiff worked at the Millbrook Residence from in or about the summer of 2011 to February 2014, that Plaintiff resided in Millbrook, NY, from some point in 2011 through January 2012 and that Plaintiff and her son resided in two rooms in a staff residence at the Millbrook residence from February 2012 through February 2014.

19. Denies the allegations of paragraph nineteen of the Complaint, except admits that Plaintiff was not required to live at the Millbrook Residence and that staying there was not a condition of employment.

20. Denies the allegations of paragraph twenty of the Complaint.

21. Paragraph twenty-one of the Complaint asserts strictly legal conclusions to which no responsive pleading is required, except that to the extent a response is required, Defendant denies the allegations of paragraph twenty-one of the Complaint.

22. Denies the allegations of paragraph twenty-two of the Complaint.

23. Denies the allegations of paragraph twenty-three of the Complaint.

24. Denies the allegations of paragraph twenty-four of the Complaint.

25. Denies the allegations of paragraph twenty-five of the Complaint.

26. Denies the allegations of paragraph twenty-six of the Complaint.

27. Paragraph twenty-seven of the Complaint asserts strictly legal conclusions to which no responsive pleading is required, except that to the extent a response is required, Defendant denies the allegations of paragraph twenty-seven of the Complaint.

28. Denies the allegations of paragraph twenty-eight of the Complaint.

29. Paragraph twenty-nine of the Complaint asserts strictly legal conclusions to which no responsive pleading is required.

30. Paragraph thirty of the Complaint asserts strictly legal conclusions to which no responsive pleading is required, except that to the extent a response is required, Defendant asserts that she complied with all statutory requirements at all times.

31. Denies the allegations of paragraph thirty-one of the Complaint.

32. Denies the allegations of paragraph thirty-two of the Complaint.

33. Denies the allegations of paragraph thirty-three of the Complaint.

34. Denies the allegations of paragraph thirty-four of the Complaint.

35. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph thirty-five of the Complaint.

36. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph thirty-six of the Complaint.

37. Denies the allegations of paragraph thirty-seven of the Complaint.

38. Denies the allegations of paragraph thirty-eight of the Complaint.

39. Denies the allegations of paragraph thirty-nine of the Complaint, except admits that Plaintiff informed Defendant she was pregnant in or around January 2014.

40. Denies the allegations of paragraph forty of the Complaint, except admits that Plaintiff and Defendant discussed abortion as a possibility because Plaintiff had previously informed Defendant that Plaintiff had suffered a stroke while delivering Plaintiff's first child and that Plaintiff's doctor had advised Plaintiff that if she became pregnant again, such pregnancy might be life-threatening.

41. Denies the allegations of paragraph forty-one of the Complaint.

42. Denies the allegations of paragraph forty-two of the Complaint.

43. Denies the allegations of paragraph forty-three of the Complaint, except states that Plaintiff was terminated due to her performance, that Defendant determined to terminate Plaintiff in or around October 2013, and that Defendant informed Plaintiff in February 2014 that her employment would end in June 2014.

44. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph forty-four of the Complaint.

45. Denies the allegations of paragraph forty-five of the Complaint and states that Defendant was born and raised in Sweden.

46. Denies the allegations of paragraph forty-six of the Complaint.

47. Denies the allegations of paragraph forty-seven of the Complaint.

48. Denies the allegations of paragraph forty-eight of the Complaint.

49. Denies the allegations of paragraph forty-nine of the Complaint.

50. Denies the allegations of paragraph fifty of the Complaint.

51. Denies the allegations of paragraph fifty-one of the Complaint.

52. Denies the allegations of paragraph fifty-two of the Complaint.

53. Denies the allegations of paragraph fifty-three of the Complaint.

54. To the extent paragraph fifty-four of the Complaint repeats and realleges allegations of paragraphs one through fifty-three, Defendant repeats and realleges her prior responses thereto.

55. Denies the allegations of paragraph fifty-five of the Complaint, except admits that Plaintiff worked for Defendant as an assistant housekeeper in exchange for proper wages.

56. Denies the allegations of paragraph fifty-six of the Complaint, except admits that Plaintiff worked for Defendant.

57. Denies the allegations of paragraph fifty-seven of the Complaint.

58. Denies the allegations of paragraph fifty-eight of the Complaint.

59. Denies the allegations of paragraph fifty-nine of the Complaint.

60. To the extent paragraph sixty of the Complaint repeats and realleges allegations of paragraphs one through fifty-nine, Defendant repeats and realleges her prior responses thereto.

61. Paragraph sixty-one of the Complaint asserts strictly legal conclusions to which no responsive pleading is required.

62. Denies the allegations of paragraph sixty-two of the Complaint.

63. Denies the allegations of paragraph sixty-three of the Complaint.

64. Paragraph sixty-four of the Complaint asserts strictly legal conclusions to which no responsive pleading is required, except that to the extent a response is required, Defendant denies the allegations of paragraph sixty-four of the Complaint.

65. To the extent paragraph sixty-five of the Complaint repeats and realleges allegations of paragraphs one through sixty-four, Defendant repeats and realleges her prior responses thereto.

66. Denies the allegations of paragraph sixty-six of the Complaint.

67. Denies the allegations of paragraph sixty-seven of the Complaint.

68. Denies the allegations of paragraph sixty-eight of the Complaint, except respectfully refers to the paragraph sixty-eight of the Complaint for the totality of its allegations and the relief sought, and denies that Plaintiff is entitled to such relief.

69. To the extent paragraph sixty-nine of the Complaint repeats and realleges allegations of paragraphs one through sixty-eight, Defendant repeats and realleges her prior responses thereto.

70. Denies the allegations of paragraph seventy of the Complaint, except admits that Defendant employed Plaintiff as an assistant housekeeper.

71. Denies the allegations of paragraph seventy-one of the Complaint, except admits that Defendant employed Plaintiff as an assistant housekeeper.

72. Denies the allegations of paragraph seventy-two of the Complaint.

73. Denies the allegations of paragraph seventy-three of the Complaint.

74. To the extent paragraph seventy-four of the Complaint repeats and realleges allegations of paragraphs one through seventy-three, Defendant repeats and realleges her prior responses thereto.

75. Paragraph seventy-five of the Complaint asserts strictly legal conclusions to which no responsive pleading is required, except that to the extent a response is required, Defendant admits that she has at least four persons in her employ.

76. Paragraph seventy-six of the Complaint asserts strictly legal conclusions to which no responsive pleading is required and refers to the statute for its complete terms.

77. Paragraph seventy-seven of the Complaint asserts strictly legal conclusions to which no responsive pleading is required and refers to the statute for its complete terms.

78. Denies the allegations of paragraph seventy-eight of the Complaint.

79. Denies the allegations of paragraph seventy-nine of the Complaint.

80. Denies the allegations of paragraph eighty of the Complaint.

81. Paragraph eighty-one of the Complaint asserts strictly legal conclusions to which no responsive pleading is required, except that to the extent a response is required, Defendant denies the allegations of paragraph eighty-one of the Complaint.

82. To the extent paragraph eighty-two of the Complaint repeats and realleges allegations of paragraphs one through eighty-one, Defendant repeats and realleges her prior responses thereto.

83. Paragraph eighty-three of the Complaint asserts strictly legal conclusions to which no responsive pleading is required, except that to the extent a response is required, Defendant admits that she has at least four persons in her employ.

84. Paragraph eighty-four of the Complaint asserts strictly legal conclusions to which no responsive pleading is required and refers to the statute for its complete terms.

85. Paragraph eighty-five of the Complaint asserts strictly legal conclusions to which no responsive pleading is required and refers to the statute for its complete terms.

86. Denies the allegations of paragraph eighty-six of the Complaint.

87. Denies the allegations of paragraph eighty-seven of the Complaint.

88. Denies the allegations of paragraph eighty-eight of the Complaint.

89. Denies the allegations of paragraph eighty-nine of the Complaint.

90. Denies the allegations of paragraph ninety of the Complaint.

91. To the extent paragraph ninety-one of the Complaint repeats and realleges allegations of paragraphs one through ninety, Defendant repeats and realleges her prior responses thereto.

92. Paragraph ninety-two of the Complaint asserts strictly legal conclusions to which no responsive pleading is required, except that to the extent a response is required, Defendant admits that she has at least four persons in her employ.

93. Paragraph ninety-three of the Complaint asserts strictly legal conclusions to which no responsive pleading is required and refers to the statute for its complete terms.

94. Denies the allegations of paragraph ninety-four of the Complaint.

95. Denies the allegations of paragraph ninety-five of the Complaint.

96. Denies the allegations of paragraph ninety-six of the Complaint.

97. Denies the allegations of paragraph ninety-seven of the Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

98. The Complaint fails to state a cause of action.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

99. Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

100. Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

101. Plaintiff's claims are barred in whole or in part by her consent and/or agreement to any alternation of her contractual status.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

102. Plaintiff's claims for relief are barred by the doctrine of laches.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

103. Plaintiff's claims are barred in whole or in part by operation of the doctrine of unclean hands.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

104. Plaintiff's claims are barred in whole or in part by her breach of fiduciary duty to Defendant.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

105. Plaintiff's claims are barred in whole or in part by the statute of frauds including as set forth in General Obligations Law § 5-701.

Dated: New York, New York
December 3, 2014

**CARTER LEDYARD & MILBURN LLP**

By: ______________________
JEFFREY S. BOXER
BRYCE C. BERNARDS

2 Wall Street
New York, NY 10005
(212) 732-3200

Attorneys for Defendant
CHRISTINA LANG-ASSAEL